UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS & BETTS CORPORATION, n/k/a ABB INSTALLATION PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRINITY MEYER UTILITY STRUCTURES, LLC, f/k/a MCKINLEY 2014 ACQUISITION, LLC and ARCOSA, INC., <br><br> Defendants. | Case No.  19-cv-7829 <br><br> **NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Defendants Trinity Meyer Utility Structures, LLC, now known as Meyer Utility Structures, LLC,[1] and Arcosa, Inc., by and through their undersigned counsel, hereby remove the civil action *Thomas & Betts Corporation, n/k/a ABB Installation Products, Inc. v. Trinity Meyer Utility Structures, LLC, f/k/a McKinley 2014 Acquisition, LLC and Arcosa, Inc.*, Index No. 651762/2019, filed on March 26, 2019, in the Supreme Court of the State of New York, County of New York (the "Removed Action"), to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332 and 1441.  A copy of the complaint in the Removed Action (the "Complaint"), the sole pleading filed in the Removed Action, is attached as Exhibit A.

## PROCEDURAL BACKGROUND

1. On March 26, 2019, Thomas & Betts Corporation, n/k/a ABB Installation Products, Inc. ("Plaintiff") filed the Removed Action against Trinity Meyer Utility Structures, LLC, f/k/a McKinley 2014 Acquisition, LLC ("Meyer") and Arcosa, Inc. ("Arcosa," together,

---

[1] On October 15, 2018, Trinity Meyer Utility Structures, LLC changed its name to Meyer Utility Structures, LLC.

1

"Defendants") in the Supreme Court of the State of New York, asserting claims of breach of contract and declaratory judgment.  *See* Ex. A.

2. As of this date, no further pleadings have been filed in the Removed Action and no further proceedings have been conducted in the Removed Action.

## GROUNDS FOR REMOVAL

3. Plaintiff's action is removable based on the presence of federal diversity jurisdiction.  Diversity of citizenship exists where the parties in interest are citizens of different States, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Where these requirements are met, and no defendant is a citizen of the state in which the action is brought, removal is appropriate.  28 U.S.C. § 1441(b).

4. This action meets the jurisdictional requirements of 28 U.S.C. §§ 1332(a) and 1441(b).

5. No defendant is a citizen of the same State as Plaintiff, and no defendant is a citizen of the State in which the Removed Action was brought.

6. On the face of the Complaint, Plaintiff avers that it is a corporation organized and existing under the laws of Tennessee, with its principal place of business in Memphis, Tennessee.  Ex. A ¶ 3.

7. Defendant Meyer is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business in Dallas, Texas.  The sole member of Meyer is Arcosa, a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Dallas, Texas.

8. Defendant Arcosa is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Dallas, Texas.

9. Accordingly, at the time the Complaint was filed and at the time of removal, there was and is complete diversity of citizenship between the Plaintiff and Defendants.

10. The amount in controversy also exceeds $75,0000.  *See id.* ¶¶ 24–27 (alleging damages "in excess of $100 million").  Plaintiff's claims thus are removable to federal court.

## COMPLIANCE WITH REMOVAL PROCEDURES

11. Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the Southern District of New York is the proper place to file this Notice of Removal because it is the district court for the federal district embracing the place where the Removed Action was filed and is pending.

12. As required by 28 U.S.C. § 1446(a), a copy of the sole pleading filed in this Removed action is attached to this Notice of Removal as Exhibit A, and copies of all of the process and orders filed in this Removed action are attached as Exhibit B.

13. This Notice of Removal is timely under 28 U.S.C. § 1446(b).  Plaintiff served Defendants with a copy of the summons and Complaint on July 22, 2019.  Defendants timely removed the action to this Court within 30 days.  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

14. Plaintiff's claims are based on the terms of an asset purchase agreement ("Purchase Agreement") attached to the Complaint.  *See* Ex. A ¶¶ 10-22.  Pursuant to the Purchase Agreement, each of the parties "irrevocably and unconditionally" consented to submit to the jurisdiction of this Court.  *See* Ex. A, at Ex. 1 § 12.11; *JP Morgan Chase Bank, N.A. v. Reijtenbagh*, 611 F. Supp. 2d 389, 391 (S.D.N.Y. 2009) ("[A] forum selection clause that permits an action in either state or federal court and in which a party 'irrevocably submits' to the jurisdiction of either court is a permissive clause permitting jurisdiction in either forum.").

15. In accordance with 28 U.S.C. § 1446(d), promptly after filing of this Notice of Removal in this Court, Defendants will (i) give written notice thereof to Plaintiff; and (ii) file a copy of this Notice of Removal with the Clerk of the Supreme Court of New York, New York County, effectuating removal. Defendants will promptly file proof of the foregoing with this Court.

16. By filing this Notice of Removal, Defendants do not waive any claim, argument, or defense which may be available to them, including objections to personal jurisdiction, nor do Defendants concede that Plaintiff has pleaded any claim upon which relief may be granted.

17. Defendants reserve the right to amend or supplement this Notice as may be appropriate.

## **CONCLUSION**

18. For the foregoing reasons, the Removed Action is hereby removed to the United States District Court for the Southern District of New York. Defendants respectfully request that the Court enter such orders and grant such other and further relief as may be necessary to effectuate the removal.

Dated:  August 20, 2019

Respectfully submitted,

/s/ *Reed Brodsky*
Reed Brodsky
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-6235
rbrodsky@gibsondunn.com

Mike Raiff (*pro hac vice* application forthcoming)
Christine Demana
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2927
cdemana@gibsondunn.com

*Counsel for Defendants*