# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2100 McKinney Avenue
Dallas, TX 75201-6912
Tel 214.698.3100
www.gibsondunn.com

Christine Demana
Direct: +1 214.698.3246
Fax: +1 214.571.2973
CDemana@gibsondunn.com

September 26, 2019

VIA ECF & EMAIL

The Honorable Paul A. Engelmayer
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:  *Thomas & Betts Corporation v. Trinity Meyer Utility Structures, LLC et al*, Case No. 1:19-cv-07829-PAE

Dear Judge Engelmayer:

Defendant/Counterclaim Plaintiff Meyer Utility Structures, LLC ("Meyer") writes to seek permission to file its Answer and Counterclaim in redacted form.

The Federal Rules of Civil Procedure provide that the Court may order a filing to be made under seal. Fed. R. Civ. P. 5.2(d). In determining whether to permit sealing, the Court should balance the presumption of access against countervailing considerations, such as "the privacy interests of those resisting disclosure." *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 1120 (2d Cir. 2006) (quotation omitted). "The proponent of sealing must demonstrate that closure is essential to preserve higher values and is narrowly tailored to serve that interest" in order to overcome the presumption of access. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016). Consistent with this standard, courts may seal documents that include confidential business information that could harm a related party's standing in the marketplace, as well as a party's confidential settlement discussions. *See, e.g., Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (approving several proposed redactions to filing where they relate to confidential business information of a closed business "which implicates legitimate privacy interests"); *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11–CV–1209, 2013 WL 4012772, at *5 (D. Conn. Aug. 5, 2013) ("There is no established presumption of public access with respect to confidential settlement discussions and documents. . . . Rather, the Second Circuit has recognized the value of confidentiality in settlement negotiations.").

Here, Meyer requests to file its Answer and Counterclaim in redacted form in an abundance of caution because that pleading discloses business information regarding, and settlement negotiations between, T&B and non-party Electric Transmission Texas ("ETT"). While Meyer takes no position on whether this information is in fact commercially sensitive or confidential, to the extent this information causes commercial harm to ETT and/or T&B, redactions would be appropriate.

# GIBSON DUNN

The Honorable Paul A. Engelmayer
September 26, 2019
Page 2

Per Your Honor's Individual Practice Rules 4.B and 6.B (permitting email to the Court), Meyer filed a redacted version of its Answer and Counterclaim and this letter motion on ECF and submits herewith both an unredacted copy of its Answer and Counterclaim as well as a copy highlighting what information has been redacted. As counsel has consented to email service, Meyer will also serve an unredacted copy of its Answer and Counterclaim on all counsel via email today.

Meyer respectfully requests that the Court approve this application for redactions and file and maintain the unredacted copies of the documents under seal.

Thank you for the Court's consideration.

Respectfully,

/s/ Christine Demana

Christine Demana

cc:   All counsel of record (via ECF)

9/27/19

The Court has reviewed the proposed redactions to defendant's Answer and Counterclaim. Dkt. 30. The Court GRANTS defendant's motion, Dkt. 31, to file these items in redacted form. Counsel should file the unredacted documents under seal in accordance with this district's procedures. The parties are reminded to submit a request to file a redacted document prior to doing so, as outlined in the Court's individual rules.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge